USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MORETON BINN and MARISOL F, LLC, :
derivatively on behalf of Nominal Defendant, :
Xpresspa Group, Inc., f/k/a Form Holdings Corp., :
 :
                                    Plaintiffs, :
 :
              -against- :
 :
BRUCE T. BERNSTEIN, RICHARD K. ABBE, :
ANDREW R. HEYER, SALVATORE :
GIARDANA, BRIAN DALY, ROCKMORE :
INVESTMENT MASTER FUND, L.P., and B3D, :
LLC, :
 :
                                  Defendants. :
 :
               and :
 :
XPRESSPA GROUP, INC., f/k/a Form Holdings :
Corp., :
 :
Nominal defendant, :
-------------------------------------------------------------------X

1:19-cv-6122-GHW

ORDER ADOPTING REPORT
AND RECOMMENDATION

GREGORY H. WOODS, United States District Judge:

On July 13, 2020, Magistrate Judge Cave issued a Report and Recommendation ("R&R") recommending that Plaintiffs' claims be dismissed with prejudice and without leave to amend. Dkt. No. 113 at 75. Judge Cave also recommended denying Defendant Richard Abbe's motion to strike as moot. *Id.* Objections to the R&R were originally due on July 27, 2020. Upon Plaintiffs' request, the Court extended the deadline for the submission of objections to August 3, 2020. Dkt. No. 116. The Court received no objections by the extended deadline. However, on August 4, 2020, Plaintiff requested a dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), "without conceding any of the findings or recommendations in the Report and Recommendation." Dkt. No. 117. The Court denied that request on the same day. Dkt. No. 118.

When a party timely objects to a magistrate's report and recommendation, a district court reviews, *de novo*, "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  However, a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record." *Braunstein v. Barber*, No. 06-cv-5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009).

The Court reviews the entire R&R for clear error because no objection triggers *de novo* review.  The Court does not consider Plaintiff's August 4, 2020 request to be an objection to the R&R, and certainly not one that triggers *de novo* review.  First, the request did not purport to be an objection.  Second, it was filed the day after the deadline for submission of objections—a deadline of which Plaintiffs were clearly aware due to their request for and Court's grant of an extension of the original June 27, 2020 deadline.  Finally, even if it were an objection, it was not specific or substantive enough to trigger *de novo* review.  When an objecting party "makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865 (LTS) (GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted).  Because the August 4, 2020 request was not presented as an objection, was untimely, and merely stated that Plaintiffs do not "conced[e] any of the findings or recommendations in the Report and Recommendation," clear error is the applicable standard of review.

The Court has reviewed the R&R for clear error and finds none. The Court therefore accepts and adopts the Report and Recommendation in its entirety. Accordingly, Defendants' motions to dismiss, Dkt. Nos. 77 and 80, are GRANTED. Abbe's motion to strike is DENIED as moot.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 77 and 80 and to close the case.

SO ORDERED.

Dated: August 6, 2020

GREGORY H. WOODS
United States District Judge