UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORETON BINN AND MARISOL F, LLC, derivatively on behalf of Nominal Defendant XPRESSPA GROUP, INC. f/k/a FORM HOLDINGS CORP.,<br><br>                    Plaintiffs,<br><br>       -v-<br><br>BRUCE T. BERNSTEIN, RICHARD K. ABBE, ANDREW R. HEYER, SALVATORE GIARDINA, BRIAN DALY, ROCKMORE INVESTMENT MASTER FUND, L.P., B3D, LLC,<br>                    Defendants,<br>       -and-<br><br>XPRESSPA GROUP, INC., f/k/a FORM HOLDINGS CORP.,<br>                    Nominal Defendant. | CIVIL ACTION NO.: 19 Civ. 6122 (GHW) (SLC)<br><br>**OPINION & ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge:

## I. INTRODUCTION

Plaintiffs Moreton Binn and Marisol Binn, the sole member of Plaintiff Marisol F LLC, (collectively, "Plaintiffs"), bought this derivative action on behalf of public company XpresSpa Group, Inc. f/k/a Form Holdings Corp. ("XpresSpa"), alleging that the XpresSpa board of directors (the "Board") breached fiduciary duties owed to XpresSpa's shareholders and violated federal securities law and various state laws. (ECF No. 64 ¶ 1).

Specifically, Plaintiffs alleged that from December 23, 2016 to the present, directors Bruce T. Bernstein, Salvatore Giardina, Andrew R. Heyer, and Richard K. Abbe (until his resignation from the Board in December 2018) and Brian Daly, B3D, LLC, and Rockmore Investment Master Fund,

L.P. (together, the "Defendants"), "participated in a series of transactions that lack[ed] any legitimate business purpose" and rendered no material benefit for shareholders. (ECF No. 64 ¶ 2). They further alleged that these actions caused "massive dilution" and "substantial diminution of the market value of the Company." (Id. ¶ 3). Plaintiffs asserted claims for breach of fiduciary duty, corporate waste, unjust enrichment, faithless servant, aiding and abetting, and violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Act"), 15 U.S.C. § 78j(b) & 78t. (ECF No. 64).

In a Report and Recommendation dated July 13, 2020 (the "R&R"), this Court recommended that Defendants' motions to dismiss the First Amended Complaint ("FAC") be granted, Defendant Abbe's motion to strike be denied as moot, and the action be dismissed with prejudice and without leave to amend. (ECF No. 113). By Order dated August 6, 2020, the Honorable Gregory H. Woods adopted the R&R and dismissed the action with prejudice. (ECF No. 119).

Defendants have now moved, pursuant to the mandatory review provision of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(c)(1), for findings that this action amounted to "abusive litigation" within the meaning of the PSLRA and the imposition of sanctions on the Plaintiffs and their counsel under Federal Rule of Civil Procedure 11 ("Rule 11"). (ECF No. 124 (the "Sanctions Motion")). For the reasons set forth below, Defendants' Sanctions Motion is DENIED.

## II. BACKGROUND

**A.      Factual Background**

An exhaustive discussion of the factual background underlying Plaintiffs' claims is set forth in the R&R and is incorporated here by reference. The Court will summarize those facts pertinent to the Sanctions Motion.

In 2017, Plaintiffs filed a direct action in this District against many of the same Defendants[1] in this case (the "Direct Action"). Binn v. Bernstein, No. 17 Civ. 8594 (S.D.N.Y.). The Honorable Lewis L. Stanton dismissed certain state law claims, denied Plaintiffs' requested discovery, and granted summary judgment to the Defendants on the remaining securities and contract claims. Binn v. Bernstein, No. 17 Civ. 8594 (LLS), 2019 WL 2461816, at *1 (S.D.N.Y. May 21, 2019). The Plaintiffs appealed, and the Second Circuit affirmed Judge Stanton's decision. See Binn v. Bernstein, 812 F. App'x 53 (2d Cir. 2020). In March 2019, Plaintiffs' counsel commenced a second suit, Kainz v. Bernstein, No. 19 Civ. 02499 (S.D.N.Y.). Judge Stanton dismissed that action as duplicative of the Direct Action, and the Second Circuit affirmed. See Kainz v. Bernstein, No. 19 Civ. 2499 (LLS), 2019 WL 5960526, at *1 (S.D.N.Y. Nov. 13, 2019), aff'd, No. 20-1187, 2020 WL 7488199 (2d Cir. Dec. 21, 2020). As discussed further below, on February 19, 2021, Judge Stanton denied Plaintiffs' motion for sanctions pursuant to the PSLRA and Rule 11 in the Direct Action (the "Direct Action Sanctions Motion"). Binn v. Bernstein, No. 17 Civ. 08594 (LLS), 2021 WL 663980, at *1 (S.D.N.Y. Feb. 19, 2021).

---

[1] The individual defendants named in the Direct Action were Bernstein, Abbe, Perlman, Giardina, Heyer, Stout, and Engelman. The defendants named in both the Direct Action and this action are Bernstein, Abbe, Perlman, Giardina, and Heyer. Perlman has been dismissed from this case. (ECF No. 51).

Finally, in June 2019, Plaintiffs filed this action.  Defendants moved to dismiss the FAC, and after hearing oral argument, this Court recommended to Judge Woods that the motion to dismiss be granted.  (ECF No. 113).  Written objections to the R&R were initially due on July 27, 2020, and the deadline was extended to August 3, 2020 at Plaintiffs' request.  (ECF No. 116).  On August 4, 2020, instead of filing objections to the R&R, Plaintiffs moved to voluntarily dismiss the action without prejudice.  (ECF No. 117).  Judge Woods denied Plaintiffs' request (ECF No. 118), and on August 6, 2020 Judge Woods adopted the R&R and dismissed the action with prejudice. (ECF No. 119).  Thereafter, the Clerk of Court entered Judgment and closed the case.  (ECF No. 120).  Defendants note that the final Judgment did not contain any findings regarding compliance with Rule 11.  (ECF No. 124 at 9).

**B.     Procedural History**

On August 11, 2020, Defendants submitted to Judge Woods a pre-motion letter requesting a conference in anticipation of filing a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) to include findings as to Plaintiffs' compliance with Rule 11 and the PSRLA.  (ECF No. 121).  Judge Woods denied Defendants' request on the grounds that he had referred all "dispositive motions and general pretrial management, including non-dispositive pretrial motions," to the undersigned.  (ECF No. 122).  On August 26, 2020, Defendants filed the Sanctions Motion.  (ECF Nos. 123–25).  On September 28, 2020, Plaintiffs opposed the Sanctions Motion (ECF Nos. 131–35), and on October 5, 2020 Defendants filed a reply (ECF No. 136).  On November 12, 2020, the Court heard oral argument on the Sanctions Motion.  (ECF No. 137).  On February 25, 2021, Plaintiffs advised the Court of Judge Stanton's decision on the Direct Action Sanctions Motion.  (ECF No. 142).

1. **The Sanctions Motion**

Defendants argue that the Court should impose sanctions on Plaintiffs and their counsel because they (1) brought the case for an improper purpose; (2) Plaintiffs' counsel knew that Plaintiffs were not adequate representatives of the XpresSpa shareholders for purposes of a derivative suit; (3) Plaintiffs' claims were not warranted by law and did not have evidentiary support; and (4) Plaintiffs and their counsel engaged in improper efforts to continue litigation against Defendants.  (ECF No. 124 at 5–7).

Plaintiffs argue that neither the PSLRA nor Rule 11 support awarding sanctions because (1) they did not file any papers for an improper purpose; (2) the claims asserted were warranted by existing law or a reasonable extension of that law, and (3) the factual contentions were either supported by evidence or were likely to have evidentiary support after discovery.  (ECF No. 135 at 7).

2. **Direct Action Sanctions Motion**

The grounds for Defendants' Direct Action Sanctions Motion were similar to the those here; namely, that the claims were frivolous and not based in fact or law, and that the suit was part of an "emotional campaign" against Defendants, and thus was brought for an improper purpose.  Binn v. Bernstein, No. 17 Civ. 08594 (LLS), 2021 WL 663980, at *1 (S.D.N.Y. Feb. 19, 2021).  Judge Stanton found that Plaintiffs could colorably argue that Abbe had a duty to disclose his interest in the Rockmore Note, and that Plaintiffs could reasonably believe that Abbe lacked independence as a director.  Id. at *2.  Based on the finding that Plaintiffs could argue that Abbe had a duty to disclose but did not, and that he was not an independent director based on his relationships with the other directors, Judge Stanton concluded that Plaintiffs could reasonably

5

argue that Abbe and a controlling group of investors violated Section 10(b) and related Rule 10b-5. Id.

In conclusion, Judge Stanton held that Plaintiffs did not file the Direct Action for an improper purpose because "[t]he fact that plaintiffs or their counsel brought two related, although not wholly duplicative, lawsuits against Mr. Abbe and many of the same defendants, both of which were ultimately dismissed, does not establish an objective intent to 'harass, cause unnecessary delay, or needlessly increase the cost of litigation.'" Binn, 2021 WL 663980, at *2.

### III. DISCUSSION

#### A. Legal Standards

##### 1. PLSRA Requirements

The PSLRA, in relevant part, requires a district court, on a final adjudication of the merits of federal securities claims, to "include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading or dispositive motion." 15 U.S.C. § 78u–4(c)(1). The PSLRA also provides that sanctions must be awarded in federal securities cases if a party does not comply with Rule 11. 15 U.S.C. § 78u–4(c)(2). The presumptive sanctions to be awarded are the reasonable attorney's fees and costs of the opposing party. 15 U.S.C. § 78u–4(c)(2).

"The express congressional purpose of this [requirement] of the PSLRA is to increase the frequency of Rule 11 sanctions in the securities context, and thus tilt the 'balance' toward greater deterrence of frivolous securities claims." Manchester Mgmt. Co., LLC v. Echo Therapeutics, Inc., 297 F. Supp. 3d 451, 463–64 (S.D.N.Y. 2018) (collecting cases). However, "the PSLRA . . . does not

in any way purport to alter the substantive standards for finding a violation of Rule 11, but functions merely to reduce courts' discretion in choosing whether to conduct the Rule 11 inquiry at all and whether and how to sanction a party once a violation is found." Id. (internal citations omitted).

### 2. Rule 11 Requirements

Rule 11 reads in relevant part:

(b) . . . By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cos of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation of discovery; . . .

Fed. R. Civ. P. 11.

The Second Circuit has explained that, "[a] pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law . . . For example, Rule 11 is violated where it is patently clear that a claim has absolutely no chance of success under the existing precedents." Manchester Mgmt., 297 F. Supp. 3d at 462 (internal citations omitted).

7

As Judge Stanton explained in Binn II, "'[t]he fact that a legal theory is a long-shot does not necessarily mean it is sanctionable. The operative question is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify or reverse the law as it stands.'" Binn II, 2021 WL 6633980, at *2 (quoting Fishoff v. Coty Inc., 634 F.3d 647, 654 (2d Cir. 2011) (internal citations omitted)).

**B.    Application**

Undertaking the task of making findings under the PSLRA, the Court finds that Plaintiffs did not violate Rule 11. Defendants posit that Plaintiffs brought this action for an improper purpose because they were not adequate shareholder representatives and their counsel was so aware. (ECF No. 124 at 11–12). The Court's finding in the R&R that Plaintiffs were not adequate representatives for the derivative action, however, does not necessarily warrant sanctions. Had any claims survived, Plaintiffs might have substituted other minority shareholders as named Plaintiffs. See Suarez v. California Nat. Living, Inc., No. 17 Civ. 9847 (VB), 2019 WL 5188952, at *2 (S.D.N.Y. Oct. 15, 2019) (allowing substitution of named plaintiff and explaining that Rule 21 "[i]n relevant part, it authorizes a court to 'at any time, on just terms, add or drop a party" and that "[t]he same liberal standard for amending pleadings under Rule 15(a) applies to the joinder of parties under Rule 21." (internal citations omitted)). In addition, Defendants contend that because no claim survived their motion to dismiss the FAC therefore "had no basis in law or fact." (ECF No. 124 at 13). To the contrary, "a party's failure to plead with the requisite particularity does not necessarily warrant sanctions." Fishoff, 634 F.3d at 655.

Although the Court found that Plaintiffs did not plead the alleged securities violations with requisite particularity, the legal position Plaintiffs took did not have "no chance of success"

8

such that sanctions are warranted.  <u>Fishoff</u>, 634 F.3d at 654.  As Judge Stanton noted in rejecting Defendants' similar argument in the Direct Action as to lack of director independence:

> Plaintiffs could also reasonably believe that the Board's independence was impaired, not only based on the overlapping memberships, but also as a result of the alleged coordinated investing activities and longstanding economic relationships between its members, and that the omission of this information could give rise to a colorable Section 10(b) claim. . . . Although Delaware Law appears to have been clear at the time that overlapping board membership alone does not call into question the ability of the board to exercise independence, <u>see Halpert Enterprises, Inc. v. Harrison</u>, 362 F. Supp. 2d 426, 433 (S.D.N.Y. 2005), plaintiffs could reasonably believe that the additional undisclosed facts concerning Mr. Abbe's interest in the Rockmore Note and the defendants' alleged history of using debt facilities to exert control over public companies would be sufficient to show a greater scheme to enrich defendants at plaintiffs' expense.

<u>Binn</u>, 2021 WL 663980, at *2.  The same analysis applies here.  Plaintiffs could have reasonably believed that the overlapping memberships combined with alleged coordinated investment activity gave rise to a Section 10(b) claim and made demand on the Board futile.  (<u>See</u> ECF No. 113).  As Judge Stanton also noted, the fact that Plaintiffs brought related suits against many of the same Defendants, all of which were ultimately dismissed, "does not establish an objective intent to 'harass, cause unnecessary delay, or needlessly increase the cost of litigation'" and thus fails to justify sanctions in this action.  <u>Binn</u>, 2021 WL 663980, at *2.

Finally, Plaintiffs' attempt to withdraw the case after the issuance of the R&R does not merit sanctions.  <u>New V & J Produce Corp. v. NYCCaterers Inc.</u>, No. 13 Civ. 4861 ER, 2014 WL 5026157, at *9 (S.D.N.Y. Sept. 29, 2014) (denying sanctions where there was no apparent "ill intent" and noting that Rule 11 sanctions are discretionary).  Although the Court agrees with Defendants that such procedural attempts to avoid the results of a report and recommendation are heavily disfavored (<u>see</u> ECF No. 124 at 15–16), the Court finds that this does not merit Rule 11 sanctions.  Plaintiffs' request to withdraw the action did not delay or needlessly increase the

cost of the litigation, given that Judge Woods immediately denied Plaintiffs' request and shortly thereafter adopted the R&R.

Accordingly, the Court finds that a reasonable attorney would not have necessarily determined that the legal position adopted by Plaintiffs had no chance of success, and therefore, sanctions under the PSLRA and Rule 11 are not warranted.  Fishoff, 634 F.3d at 654.  Although the arguments were unconvincing, they were not entirely frivolous.  Id.

### IV.  CONCLUSION

For the reasons explained above, the Sanctions Motion is DENIED.  The Clerk of Court is respectfully directed to close ECF No. 123.


Dated:      New York, New York
            March 9, 2021


                                                    _____
                                                    **SARAH L. CAVE**
                                                    **United States Magistrate Judge**